UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph Chabot, | : |
|                 Plaintiff, | : Civil Action No.: 4:14-cv-40153 |
| v. | : |
| Apple Recovery, LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
|                 Defendants. | : |

For this Complaint, Plaintiff, Joseph Chabot, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Joseph Chabot ("Plaintiff"), is an adult individual residing in Worcester, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Apple Recovery, LLC ("Apple"), is a Arizona business entity with an address of 7776 South Pointe Parkway West, Suite 280, Phoenix, Arizona 85044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Apple and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Apple at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Apple for collection, or Apple was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Apple Engages in Harassment and Abusive Tactics**

12. In or around July 2014, Apple contacted Plaintiff in an attempt to collect the Debt.

13. Apple placed calls to Plaintiff more than four (4) times per week.

14. In addition, Apple threatened to sue Plaintiff if he did not pay the Debt. To date, no such suit has been initiated.

15. Further, Apple falsely stated that the last payment made toward the Debt was in 2009.

C. **Plaintiff Suffered Actual Damages**

16. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

21.     Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action against Plaintiff without actually intending to do so.

22.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

23.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

24.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

25.     Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,**
**M.G.L. c. 93A § 2, et seq.**

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

28. Defendants initiated communication via telephone with Plaintiff in excess of two calls in each seven-day period in violation of 940 CMR § 7.04(1)(f).

29. Defendants stated they would take any action, including legal action, which in fact was not taken or attempted on Plaintiff's account, unless an additional payment or a new agreement to pay would occur, in violation of 940 CMR § 7.04(1)(l).

30. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 21, 2014

                                            Respectfully submitted,

                                            By   /s/ Sergei Lemberg

                                            Sergei Lemberg (BBO# 650671)
                                            LEMBERG LAW, L.L.C.
                                            1100 Summer Street, 3rd Floor
                                            Stamford, CT 06905
                                            Telephone: (203) 653-2250
                                            Facsimile:  (203) 653-3424
                                            Attorneys for Plaintiff